IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAMARC ROBERT GARRETT, SR., | ) |
| Petitioner | ) |
| vs. | ) |
| | ) Case No. 24-cv-1879-DWD |
| PEOPLE OF THE STATE OF ILLINOIS, | ) |
| Respondent | ) |

MEMORANDUM & ORDER[1]

**DUGAN, District Judge:**

Petitioner Jerome R. Garrett, an inmate in the custody of the Illinois Department of Corrections incarcerated at Menard correctional Center, brings this habeas action pursuant to 28 U.S.C. § 2254 to challenge his state-court conviction for first degree murder. Along with his petition, Garrett has filed a Motion for Leave to Proceed *in Forma Pauperis* ("IFP Motion") (Doc. 2) and a Motion for Appointment of Counsel.

The Court first addresses Garrett's IFP Motion. In habeas proceedings, a motion for leave to proceed *in forma pauperis* must include a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities the petitioner has in any account in the petitioner's name at the facility. Rule 3(a)(2), Rules Governing Section 2254 Cases in the United States District Courts. Garrett submitted a certification, but it does not state the amount of money in his account(s), and

---

[1] The only proper respondent in a habeas corpus action is the prisoner's immediate custodian, here Warden Anthony Wills. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Bridges v. Chambers*, 425 F.3d 1048, 1049-50 (7th Cir. 2005). The Clerk's Office shall terminate the People of the State of Illinois as the Respondent in this action and substitute Warden Anthony Wills as the Respondent.

it is not signed by the warden or other appropriate officer. Accordingly, the IFP Motion is **DENIED** without prejudice.

Despite the issues with Garrett's IFP Motion, the Court will conduct a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts in the interest of judicial economy. In conducting this preliminary review, the Court has identified two issues with the petition.

Garrett seeks to challenge a first-degree murder conviction in St. Clair County, Illinois (No. 15-cf-1085). On March 29, 2023, the Illinois Appellate Court concluded that the case presented "troubling questions related to the fitness of the defendant on the second and third days of his trial." *People v. Garrett*, 2023 IL App (5th) 210148-U, ¶ 58. As a result, the Appellate Court vacated the circuit court's order dismissing Garrett's posttrial claim of ineffective assistance of counsel as to the issue of Garrett's fitness on the second and third days of trial. The Appellate Court then remanded the case to the circuit court for a "retrospective fitness hearing" to determine if the defendant was fit to stand trial on the dates in question. *Id.* ¶ 69. A review of Garrett's criminal case, available on the St. Clair County, Illinois Circuit Court website,[2] shows that the circuit court is still in the process of resolving the Appellate Court's remand order (a status conference was held on August 7, 2024, and the next status conference is set for October 17, 2024).

Considering the above, Garrett's criminal matter is clearly ongoing. As a result, Garrett's petition must be dismissed pursuant to the abstention doctrine outlined in

---

[2] https://www.co.st-clair.il.us/departments/circuit-clerk/courts/criminal-records (last visited August 15, 2024),

2

*Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).[3] Under *Younger*, federal courts are required to abstain from interference in ongoing state proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37 (1982) and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)).

The *Younger* abstention doctrine is implicated here because the ongoing proceeding is judicial in nature and involves the important state interest of adjudicating whether Garrett's conviction should be set aside because he was not fit to stand trial. Further, there is no indication that the state proceedings would not provide Garrett with an adequate opportunity for review of any constitutional claims. Finally, no extraordinary circumstances are apparent which require federal intervention at this stage.

For these reasons, The Petition for a Writ of Habeas Corpus (Doc. 1) is **DISMISSED** without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The ongoing adjudication of Garrett's criminal case leads

---

[3] The Court also notes that the petition is incomplete. The Southern District of Illinois has standard forms available to prisoners filing habeas petitions and civil rights claims. In the instant case, it appears that Garrett has utilized some of the pages included in the Court's 18-page § 2254 habeas form and some of the pages included in the Court's civil rights form. The completed pages associated with the Court's civil rights form are not relevant to this action, and many of the pages associated with the§ 2254 form are blank. Further, although Garrett identifies the state court conviction he seeks to challenge (an provides some filings associated with that case), he does not state the arguments he intends to pursue in this § 2254 petition. Thus, the petition is also due to be dismissed because it sets forth no grounds for relief. But given the Court's findings regarding abstention, the Court need not address this shortcoming.

the Court to conclude that it should abstain from intervening in this pending matter. The Motion for Appointment of Counsel is **DENIED** as moot.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the Court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling given that Garrett's criminal case is ongoing. Accordingly, the Court declines to issue a certificate of appealability.

Finally, the Clerk is **DIRECTED** to (1) terminate the People of the State of Illinois as the Respondent in this action and substitute Warden Anthony Wills in its place; and (2) close this case and enter judgment accordingly.

**SO ORDERED.**

Dated: August 16, 2024

_____
DAVID W. DUGAN
United States District Judge